UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>    Plaintiff,<br>  v.<br>RIVERA,<br>    Defendant. | Case No. 12-cr-00874-RS-1<br><br>**ORDER DENYING PETITION TO REDUCE SENTENCE** |

  In 2013, Gabriela Quinonez Rivera pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Before entering the guilty plea, she and the government entered into an agreement regarding the appropriate sentencing range under the guidelines. Rivera agreed that the total amount of controlled substances attributable to her was 63.43 kilograms of methamphetamine (actual). Plea Agreement ¶ 2, 7. She also agreed that her base offense level under U.S.S.G. § 2D1.1(c)(1) was 38. Plea Agreement ¶ 2, 7. She and the government further agreed that, after appropriate adjustments for acceptance of responsibility, her adjusted offense level was 35, which carries a guidelines range of 168 to 210 months of imprisonment. After weighing the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Rivera to 131 months of imprisonment—a sentence less than the low-end of the advisory guideline range.

  Since Rivera's sentencing hearing, the U.S. Sentencing Commission changed the drug quantity table. *See* U.S.S.G. amend. 782. In addition, the 2015 Guidelines permit courts to reduce

the term of imprisonment for those defendants, whose applicable guidelines range has been lowered as a result of various amendments to the guidelines, including Amendment 782. *See* U.S.S.G. § 1B1.10(a), (d). Section 1B1.10(a) applies only to orders reducing sentences entered after November 1, 2015. U.S.S.G. § 1B1.10(d).

Unfortunately for Rivera, Amendment 782 did not lower her sentencing range. Under the 2015 Sentencing Guidelines, those who are convicted of possession with intent to distribute more than 45 kilograms of methamphetamine, or 4.5 kilograms or more of methamphetamine (actual), or 4.5 kilograms or more of "Ice" have a base offense level of 38. U.S.S.G. § 2D1.1(c)(1). Because Rivera agreed that she possessed more than 45 kilograms of actual methamphetamine, she would not have received a lower base offense level under the current version of the guidelines. As such, Rivera is not eligible for a sentence reduction under U.S.S.G. § 1B1.10(a), and therefore her petition to modify the sentence must be denied.

**IT IS SO ORDERED**.

Dated: December 17, 2015

_____
RICHARD SEEBORG
United States District Judge